UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD MIRABELLE,

                Plaintiff,

-against-

THE CITY OF NEW YORK and
THE NEW YORK CITY POLICE DEPARTMENT,

                Defendants.
-----------------------------------------------------------------X

**PLAINTIFF DEMANDS
A TRIAL BY JURY
COMPLAINT**

      The Plaintiff, above named, as and for his Complaint against the Defendants, by his attorneys, THE LAW OFFICES OF CLIFFORD J. STERN, LLC, upon information and belief, respectfully alleges:

## JURISDICTION

      1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. The provisions of Section 33 of the Merchant Marine Act of 1920, 46 U.S.C. §688, commonly known as the Jones Act, 33 U.S.C.§901 et. sec., commonly known as the Longshore & Harbor Worker's Compensation Act and all the statutes amendatory and supplemental thereto are applicable in this section.

      2.     The Plaintiff is a citizen of the State of New York.

      3.     The Defendant THE CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation with offices within the State of New York and City of New York and incorporated under the laws of the State of New York, having their principal place of business in the State of New York.

4. The Defendant THE NEW YORK CITY POLICE DEPARTMENT (hereinafter, "NYPD") was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

5. The matter in controversy exceeds, exclusive of interests and costs, the sum of $150,000.00

## AS AND FOR A FIRST CAUSE OF ACTION

6. That at all times hereinafter mentioned, the Defendant CITY was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and doing business in the State of New York.

7. The Defendant NYPD was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

8. That upon information and belief, on or about March 25, 2013 and at all times hereinafter mentioned, the Defendants owned and operated certain property at Harbor George which was used by the NYPD Harbor Unit as the means of accessing and egressing vessels within their fleet.

9. That at all times hereinafter mentioned, Plaintiff, RICHARD MIRABELLE, was a Police Officer employed by the NYPD Harbor Unit and crew member of a Launch #4 (hereinafter referred to as "the vessel"), a vessel which he was assigned to on the date he was involved in the subject accident.

10. That at all times hereinafter mentioned, the Defendants owned, managed, operated, maintained, controlled, inspected and repaired the aforesaid vessel.

11. That at all times hereinafter mentioned, the Defendants had possession of the aforesaid vessel, its gear and equipment and were responsible for having a proper means of ingress and egress to and from the vessel.

12. That at all times hereinafter mentioned, the Defendants employed the master, officers, seamen and other crew members comprising the crew of the aforesaid vessel.

13. That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation to furnish and provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools, equipment, and a competent crew.

14. At the time of the subject accident, the Plaintiff, as an assigned crew member of Launch #4, was attempting to tie up the vessel to a floating dock, owned and maintained by Columbia University, in the course of his service to the vessel.

15. The floating dock did not have any available cleats or other means to properly secure the vessel to the dock.

16. The vessel Plaintiff was assigned to did not have a gang plank or other safe means of disembarking from the vessel to the floating dock.

17. As the Plaintiff was attempting to disembark from his vessel to secure it to the floating dock, because of the lack of a gang plank or other safe means of egress, the Plaintiff was forced to jump from his vessel onto the floating dock, causing him to fall and injure himself.

18. That the Defendants breached their duty to the Plaintiff RICHARD MIRABELLE, under 46 U.S.C. §688, otherwise known as the Jones Act.

19. As a result of the aforesaid, the Plaintiff RICHARD MIRABELLE, was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has been caused to undergo medical care and attention all to his damage in the sum of **FIVE MILLION DOLLARS ($5,000,000.00)**.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "19" inclusive with the same force and effect as if hereinafter set forth at length.

21. That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation pursuant to 33 USC§905(b) to furnish and provide Plaintiff with a seaworthy vessel with safe ingress and egress, proper and sufficient tools, appliances, and a safe and competent master, officers and seamen.

22. That at all times hereinafter mentioned, Launch #4, the vessel Plaintiff was assigned to, did not have proper and safe means of ingress and egress to and from the vessel under the circumstancees.

23. That on or about March 25, 2013, Plaintiff sustained serious injuries when he was caused to fall while attempting to board a floating dock from Launch #4, without the assistance of a competent crew and a safe and proper means of ingress and egress, without any fault on his part and wholly and solely by reason of the negligence, recklessness and carelessness of the Defendants their

agents, servants and/or employees, and by reason of their failure to provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools and equipment, safe means to disembark from the vessel and board the floating dock, and a competent master, officers and seamen.

24. As a result of the aforesaid, the Plaintiff RICHARD MIRABELLE was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to under medical care attention all to his damage in the sum of **FIVE MILLION DOLLARS ($5,000,000.00)**.

## AS AND FOR A THIRD CAUSE OF ACTION

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained herein above in paragraphs "1" through "24" inclusive with the same force and effect as if hereinafter set forth at length.

26. That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation pursuant to 33 USC §901 et seq, commonly known as the Longshore and Harbor Worker's Compensation Act, to furnish and provide Plaintiff with a seaworthy vessel with a competent crew, with safe ingress and egress, proper and sufficient tools and appliances and a safe and competent master, officers and seamen.

27. That on or about March 25, 2013, while in the course of his employment with the Defendant NYPD aboard Launch #4 while in service of the

aforesaid vessel, owned and operated by Defendants, Plaintiff, while in the services of his vessel, sustained serious injuries when he was caused to fall while disembarking from the vessel to a floating dock without having a safe and proper means of egress and ingress.

28.  As a result of the aforesaid, the Plaintiff, was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to undergo medical care attention all to his damage in the sum of **FIVE MILLION ($5,000,000.00) DOLLARS**.

**WHEREFORE,** Plaintiff RICHARD MIRABELLE, demands judgment against the Defendant, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, in the sum of **FIIVE MILLION DOLLARS ($5,000,000.00)** on the First Cause of Action; in the sum of **FIVE MILLION DOLLARS ($5,000,000.00)** on the Second Cause of Action; and in the sum of **FIVE MILLION DOLLARS ($5,000,000.00)** on the Third Cause of Action, together with costs and disbursements of this action.

Dated:   New York, New York
         March 1, 2016

                Yours, etc.
                **THE LAW OFFICES OF**
                **CLIFFORD J. STERN, LLC**

By: _____
     CLIFFORD J. STERN (4805)
*Attorneys for Plaintiff*
2 Park Avenue, 19th Floor
New York, NY 10016
(212) 813-1515

To:

**THE CITY OF NEW YORK**
One Center Street
New York, NY 10007

**THE CITY OF NEW YORK POLICE DEPARTMENT**
One Center Street
New York, NY 10007